Ben EMERSON and wife, Jean
Emerson, Petitioners,

v.

Winford TUNNELL, Respondent.

No. C–9250.

Supreme Court of Texas.

May 2, 1990.

Rehearing Overruled Sept. 6, 1990.

Paul R. Leake, Mesquite, for petitioners.

Robert E. Rader, Jr., Karen F. Gray, Dallas, for respondent.

PER CURIAM.

At issue is whether a motion for judgment on the verdict preserves error when the court renders judgment for the movant but for less than the verdict. Homebuilder Winford Tunnell sued homeowners Ben and Jean Emerson for breach of contract and quantum meruit. The jury failed to find that there was a contract, but found facts entitling Tunnell to recover on his quantum meruit claim. The jury also found that the value of the goods and services Tunnell provided in building the Emersons' home, excluding extras, was $238,000. Tunnell moved for judgment on the verdict based upon this figure.[1] The trial court did not expressly deny this motion but based its calculations of the amount to be awarded Tunnell, not on the $238,000 sum found by the jury, but instead on the sum of $208,284, the amount of Tunnell's contract claim.[2] The Emersons appealed, and Tunnell cross-appealed. Tunnell argued that the trial court's reduction of his damages was error. The court of appeals affirmed the judgment of the trial court, holding that Tunnell had not preserved his complaint for appeal.

Texas Rule of Appellate Procedure 52 states in pertinent part:

In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion.

---

1. Tunnell moved for judgment for $238,000, plus extras, less offsets, plus attorney fees, less the Emersons' attorney fees, plus interest on the net total. Only the $238,000 element of the equation is in dispute here.

2. The Emersons contend that the amount of Tunnell's contract claim is $176,800, the sum which he gave in his deposition testimony, not $208,284, the sum to which he testified at trial. We do not find it necessary to reach the Emersons' contentions.

Tunnell complied with this rule. Tunnell presented a motion to the trial court for judgment for a quantum meruit measure of recovery based upon the jury verdict. He obtained an adverse ruling from the trial court when it granted him judgment for an amount less than he requested. In a letter to the attorneys, the trial court expressly acknowledged that it was limiting Tunnell's quantum meruit recovery to the amount of his contract claim. The court concluded that it "would be inequitable ... to allow the plaintiff to recover a greater sum than the price which he understood and on the basis of which he undertook to perform. That price is conclusively determined by Plaintiff's trial pleadings and trial testimony." The court of appeals' holding that Tunnell did not preserve his complaint that the trial court's ruling was error directly conflicts with Rule 52(a).

■ Recovery in quantum meruit is not limited to damages alleged for breach of contract when, as in this case, the fact finder has failed to find that a contract existed. Tunnell cannot be limited to recovery of the amount he alleged the Emersons agreed to pay when the jury did not find that such an agreement was ever made. Tunnell is entitled to recover $238,000 on his quantum meruit claim, together with the other awards and reduced by offsets determined by the trial court not here in contention. We leave to the trial court the proper calculation of the total amount of the judgment. Accordingly, pursuant to Texas Rule of Appellate Procedure 133(b), a majority of the Court grants Tunnell's application for writ of error, denies the Emersons' application for writ of error, and without hearing oral argument, modifies the judgment of the court of appeals and remands the cause to the trial court for entry of a modified judgment in accordance with this opinion.