**T.C. TUBB, Appellant,**

v.

**VINSON EXPLORATION, INC., Appellee.**

No. 08–93–00376–CV.

Court of Appeals of Texas, El Paso.

Dec. 22, 1994.

Rehearing Overruled Feb. 2, 1995.

Robert R. Truitt, Jr., Midland, for appellant.

James P. Boldrick, Dick R. Holland, Boldrick, Clifton, Nelson & Holland, Midland, for appellee.

Before BARAJAS, C.J., and KOEHLER and McCOLLUM, JJ.

## OPINION

McCOLLUM, Justice.

### NATURE OF THE CASE

This is the second time this case has been before this Court. This case originated as a suit for unpaid charges for goods and services, incurred by the operator, in connection with an oil and gas joint operating agreement. Appellant Tubb first appealed the trial court's judgment in favor of Appellee Vinson Exploration, Inc. (VEI) in 1991. This Court affirmed in part, reversed in part, and remanded for a new trial on the issues of damages under the Texas Securities Act and set-off amounts. *Anderson v. Vinson Exploration, Inc.*, 832 S.W.2d 657 (Tex.App.—El Paso 1992, writ denied). This appeal challenges the judgment of the trial court as to the remanded issues decided favorable to Appellee. We dismiss the Appellant's appeal as moot, and affirm the judgment of the trial court in regards to Appellee's cross-point of error.

### Moot Appeal

In its Motion to Dismiss Appeal, the Appellee argues this appeal is moot because the Appellant has paid the judgment rendered against him. We agree and grant the motion.

The final judgment of the trial court, considering the remanded issues, was signed on June 8, 1993. On July 8, 1993, the trial court issued an Order of Disbursement directing the district clerk to deliver certain funds to be paid to Appellees. Appellant paid the judgment of the trial court and a Release of Judgment was signed and entered. In September of 1993, Appellant filed a cash deposit and a notice of appeal.

Where a defendant has voluntarily paid the judgment rendered in the trial court, questions involved in the appeal be-

come moot. *Hanna v. Godwin,* 876 S.W.2d 454, 457 (Tex.App.—El Paso 1994, no writ); *Travis County v. Matthews,* 221 S.W.2d 347, 348 (Tex.Civ.App.—Austin 1949, no writ). The party thereby waives his right to appeal and the case must be dismissed. *Otto v. Rau Petroleum Products,* 582 S.W.2d 504, 504 (Tex.Civ.App.—Houston [1st Dist] 1979, no writ). The basis for this rule is to prevent a party who has freely decided to pay a judgment from changing his mind and seeking the court's aid in recovering the payment. *Highland Church of Christ v. Powell,* 640 S.W.2d 235, 236 (Tex.1982). Voluntary payment ends the controversy, and appellate courts will not decide moot cases involving abstractions. *Id.*

There is no evidence in the record, nor does Appellant argue, that the payment of the judgment was involuntary. It being undisputed that the controversy between the parties no longer exists, the appeal is moot. When a cause becomes moot upon a defendant paying the judgment pending appeal, the judgment will be set aside and the cause, not merely the appeal, will be dismissed. *Otto,* 582 S.W.2d at 504; *Red Ball Motor Freight, Inc. v. Southern Conference of Teamsters,* 358 S.W.2d 955, 956 (Tex.Civ. App.—Waco 1962, no writ). Because Appellant has paid the judgment of the trial court, this appeal is moot. Therefore, the appeal is dismissed.

### Cross–Point of Appeal

By cross-point, Appellee contends that the trial court erred in failing to award the amount of attorney's fees found by the jury. An appellee may use cross-points to complain of some ruling or action of the trial court that the appellee asserts constituted error as to it. *Lone Star Ford, Inc. v. McCormick,* 838 S.W.2d 734, 741 (Tex.App.— Houston [1st Dist.] 1992, writ denied). The perfection of two separate and distinct appeals is not necessary, unless "the judgment of the trial court is definitely severable, and appellant strictly limits the scope of his appeal to a severable portion." *Hernandez v. City of Fort Worth,* 617 S.W.2d 923, 924 (Tex.1981).

However, before an appellee may complain on appeal of a part of a judgment by cross-point, it must have excepted to the judgment, filed a motion for new trial on the point, or in some other appropriate manner indicated to the trial court any dissatisfaction it has with the judgment as entered. *Hart v. Berko, Inc.,* 881 S.W.2d 502, 512 (Tex.App.— El Paso 1994, writ requested); *Group Medical and Surgical Serv., Inc. v. Leong,* 750 S.W.2d 791, 798 (Tex.App.—El Paso 1988, writ denied). Here, Appellee brought forth a cross-point complaining of a final judgment which awarded attorney's fees in an amount less than the jury's verdict. A motion for judgment on the verdict would preserve error in such an instance as when the court renders judgment for the movant but for less than the verdict. *Emerson v. Tunnell,* 793 S.W.2d 947, 947–48 (Tex.1990).

Here, however, it is not evident that Appellee preserved any error in the judgment. The record contains no motion for judgment on the verdict, no other motion complaining of error on the judgment, no objection to the judgment in the statement of facts, and the computerized docket sheet of the trial court reflects no such motion. Volume VI of the Statement of Facts is titled "Hearing On Final Judgment." That Statement of Facts contains argument by the parties as to the proper amount of attorney's fees to be awarded. Nothing in the Statement of Facts reaches the level required by Rule 52. See Tex.R.App.P. 52(a). Rule 52 provides in part:

> In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context.

Tex.R.App.P. 52(a)

Final judgment was rendered in this case on June 8, 1993. Nothing in the record supports a claim Appellees brought the alleged error to the attention of the trial court via request, objection, or motion. The complaint is waived on appeal. Tex.R.App.P. 52(a). Appellee's cross-point is overruled.

Because Appellant's appeal is moot, the appeal is dismissed. Because Appellee's

cross-point of appeal is waived, we affirm the judgment of the trial court.