Dismissed and Opinion filed August 28, 2003













Dismissed and
Opinion filed August 28, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01047-CV

____________

 

ROBERT D. RAPP, Appellant

 

V.

 

MANDELL & WRIGHT, P.C., ELIOT P. TUCKER, AND 

STEPHEN M.
VAUGHAN, Appellees

 

_____________________________________________

 

On Appeal from
the 11th District Court

Harris County, Texas

Trial Court
Cause No. 97-11515

 

_____________________________________________

 

O P I N I O
N

            In this case, we decide whether a
judgment creditor who has accepted full payment of the judgment and
acknowledged that it has been satisfied and released may nonetheless challenge
the judgment on appeal.

            Appellant Robert D. Rapp, the
plaintiff below, complains that the trial court’s judgment awarded him damages
in a lesser sum than he was entitled to receive in his suit against his former
law firm, appellee/defendant Mandell
& Wright, P.C., and two shareholders of that firm, appellees/defendants
Eliot P. Tucker and Stephen M. Vaughan.  








Appellees have moved to dismiss this appeal
as moot because Rapp accepted the full amount of the trial court’s judgment in
complete satisfaction thereof and acknowledged that the judgment is released
and satisfied.  Because we find the
matter moot, we dismiss this appeal for lack of jurisdiction.

                              I.  Factual and Procedural Background

            Rapp, formerly a shareholder of Mandell & Wright, P.C., sued the law firm as well as
two of his former fellow shareholders, Tucker and Vaughan, asserting
breach-of-contract and tort claims. 
After a jury trial, on October 3,
 2001, the trial court signed a judgment awarding Rapp: (1)
$638,228 plus $60,349.52 in prejudgment interest against Mandell
& Wright, P.C., and (2) $87,966 plus $17,062.99 in prejudgment interest
against Tucker and Vaughan.  This
judgment also granted declaratory relief.

            Mandell
& Wright, P.C., Tucker, and Vaughan (hereinafter collectively referred to
as the “Judgment Debtors”) tendered a cashier’s check to Rapp in the full
amount of the trial court’s judgment — $803,606.51.  Rapp would not accept the check and sign a
release acceptable to the Judgment Debtors. 
Therefore, on October 5, 2001, the trial court signed an “Order of
Satisfaction and Release of Judgment,” ordering that the $803,606.51 be held in
the registry of the court until Rapp delivered a release of judgment in a form
reasonably satisfactory to the Judgment Debtors and approved by the trial
court.  In this order, the trial court
found that the Judgment Debtors had fully paid the judgment’s monetary award
against them.  The trial court also
released the Judgment Debtors from the judgment and found that the judgment had
been fully satisfied.  The trial court
expressly stated that its order did not affect the declaratory relief that had
been granted in the judgment.  Rapp
objected to this order.[1]

            Thereafter, on November 1, 2001, Rapp
signed an “Acknowledgment of Payment and Release of Judgment.”  In this document, Rapp expressly acknowledged
receipt of the registry funds and also acknowledged that the Judgment Debtors
had tendered a check to him for $10,397.41 as the full amount of the court costs
awarded to him in the judgment.  Rapp
also expressly acknowledged his release of the judgment.  The “Acknowledgment of Payment and Release of
Judgment” states in relevant part:

            Robert D. Rapp
therefore acknowledges receipt of $803,606.51 from the registry of the Court
and receipt of $10,397.41 from [the Judgment Debtors] in complete satisfaction
of all damages, costs, or other money awarded to Rapp in the Judgment and
acknowledges that the Judgment and any liens arising from the Judgment are
released and satisfied; provided, however,
that this Acknowledgment and Release of Judgment does not affect the
declaratory relief granted in the Judgment.

 

            On November 1, 2001, the trial court signed an
order finding that the “Acknowledgment of Payment and Release of Judgment” was
in a form reasonably satisfactory to the Judgment Debtors.  At that time, the trial court approved the
release of judgment and ordered the district clerk to immediately issue a draft
to transfer to Rapp the funds held in the registry of the court.  Rapp received and accepted the registry
funds.  The next day Rapp filed a notice
of appeal, seeking to appeal from the trial court’s judgment.  

            On appeal, Rapp asserts that, as a
matter of law, the trial court should have awarded him an additional $349,937
against the Judgment Debtors.  The
Judgment Debtors assert that this court should not reach the merits of this
case because the appeal is moot based on Rapp’s acceptance of benefits and
unconditional release of the judgment. 
They urge this court to dismiss Rapp’s appeal for lack of
jurisdiction.  

            Though he seeks a reversal of the
satisfied and released judgment, Rapp argues his appeal is not moot because the
“Acknowledgment of Payment and Release of Judgment” is not inconsistent with
his appeal seeking additional damages. 
Rapp also argues that signing the “Acknowledgment of Payment and Release
of Judgment” was the only way that he could seek greater damages on appeal and
also accept full payment of the trial court’s judgment from the Judgment
Debtors, who wanted to stop the accrual of postjudgment
interest and who insisted that Rapp sign a release of judgment before he could
obtain the funds.  

II. 
Analysis

            As a threshold matter, we must
determine if Rapp’s unconditional release of the monetary-damages portion of
the judgment renders this appeal moot and thereby deprives this court of
jurisdiction. 

            Both Rapp and the Judgment Debtors
focus their appellate arguments on the acceptance-of-benefits doctrine, which
basically provides that one who has voluntarily accepted the benefits of a
judgment cannot usually appeal from that judgment.  See,
e.g., Carle v. Carle, 234 S.W.2d 1002, 1004 (Tex. 1950) (discussing
doctrine that one who has voluntarily accepted the benefits of a judgment
cannot usually appeal therefrom, as well as a narrow
exception to this doctrine).  This
principle is founded on an estoppel theory and has
been applied in various contexts.  See, e.g., Bloom v. Bloom, 935 S.W.2d 942, 945–48 (Tex. App.—San Antonio,
1996, no writ) (holding that acceptance-of-benefits doctrine precluded ex-wife
from attacking trial court’s ability to assert personal jurisdiction over her
in writ-of-error appeal).  Rapp relies on
a narrow exception which provides that the acceptance-of-benefits doctrine does
not apply if (1) a reversal of the trial court’s judgment could not possibly
affect the appellant’s right to the benefits secured by the appellant under the
judgment, and (2) the appellee would “be compelled to
concede upon another trial that appellant has the right to retain those
benefits regardless of the outcome of the litigation.”  Carle,
234 S.W.2d at 1004. 

            Rapp argues that because he seeks
only a reversal and rendition of judgment for additional monetary damages, this
exception to the acceptance-of-benefits doctrine applies and the appeal is not
moot.  Even assuming for the sake of
argument that Rapp seeks only this relief and that this court would otherwise
be able to grant it[2], we
first must resolve the threshold question of whether this court has
jurisdiction over this case, in which Rapp seeks to appeal from a judgment that
has been released.  Though all parties
point to the acceptance-of-benefits
doctrine and the Carle line of cases
to support their arguments, none of these cases address the effect of a release
of judgment on the releasing party’s right to appeal.  Because Rapp signed a release of the judgment
he now seeks to appeal, this case presents a fundamental question that is not
addressed by the Carle line of cases
— Does appeal lie from a judgment that has been
unconditionally released?  We hold
that it does not.  

            Though the arguments relating to
Rapp’s release of judgment and his acceptance of its benefits intersect, the
two concepts are distinct and are based on different principles. A release of
judgment is an express relinquishment by the judgment creditor of his rights in
the judgment; it operates as a bar because the one who might otherwise have
asserted the right has expressly surrendered it.  The estoppel
principles underlying the acceptance-of-benefits doctrine come into play where
the party’s words, conduct, or silence are inconsistent with the right he seeks
to assert, though he may not have expressly surrendered the right.  While acceptance of full payment in
satisfaction of the judgment is some evidence of action inconsistent with an
appeal, a release of judgment is itself a discharge and surrender of all rights
of the judgment creditor in the judgment. 
In this regard, we disagree with Rapp’s assertion that his release of
the judgment is consistent with an appeal from it.

            If a judgment creditor accepts money
in complete satisfaction and release of his judgment, that judgment has no
further force or authority.  See Reames
v. Logue, 712 S.W.2d 802, 804–05 (Tex. App.—Dallas 1986, writ ref’d n.r.e.) (stating that judgment was functus officio and extinguished for all purposes after judgment creditor
accepted money in “full and complete satisfaction and release” of the
judgment); see also Baca v. Hoover, Bax & Shearer, 823 S.W.2d
734, 738 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (stating that functus officio means “of no further force or
authority”).  Rapp has accepted payment
of all the damages and costs awarded in the trial court’s judgment.  Moreover, in the “Acknowledgment of Payment
and Release of Judgment,” Rapp unconditionally and unambiguously acknowledged
that the part of the judgment he now attacks on appeal is satisfied and
released.  The only exception from this
release is the declaratory relief granted in the judgment, which Rapp does not
attack in his attempted appeal.  

            Rapp did not except from the
“Acknowledgment of Payment and Release of Judgment” his right to appeal and
seek a judgment in excess of the amounts awarded in the trial court’s
judgment.  Cf. Miga v. Jensen, 96 S.W.3d 207, 211–12
(Tex. 2002) (stating that judgment debtor may pay judgment to halt accrual of postjudgment interest while still preserving appellate
rights and that, in these circumstances, the safe practice would be to
explicitly reserve the right to appeal when the judgment is paid).  Except for the unchallenged declaratory
relief, Rapp’s release of judgment was complete and unconditional. 

            Because of the Judgment Debtors’
placement of the full amount of the judgment in the registry of the court and
the trial court’s October 5,
 2001 order, Rapp was assured that he would be paid the full
amount of the trial court’s judgment. Before Rapp signed the release of
judgment, he had the right to challenge the trial court’s October 5, 2001 order on
appeal.  See Miga, 96
S.W.3d at 212 (“When a judgment creditor has received an unconditional tender
of the money awarded, and may invest it as he chooses, there is no need for the
continuing accrual of post-judgment interest.”) Rapp also could have
refused to sign any release of judgment unless it expressly preserved his right
to appeal, while still protecting the Judgment Debtors.  For whatever reason, Rapp did not pursue
these options.  Instead, he decided on November 1, 2001, to accept
the registry funds then and release the judgment without reserving his right to
appeal and seek a greater monetary-damages award.  

            Rapp now asks this court to
entertain his appeal from the monetary-damages portion of a judgment that he
has acknowledged is released.  There is
no evidence before this court that, at the time he executed the “Acknowledgment
of Payment and Release of Judgment” and accepted payment of the full amount of
the judgment, Rapp communicated to the Judgment Debtors an
intent to appeal the judgment and seek additional damages.  Cf. Miga, 96 S.W.3d at 212 (stating that payment of a
judgment will not moot the judgment debtor’s appeal of that judgment if the
judgment debtor clearly expresses an intent to exercise his right of appeal and
appellate relief is not futile).  Even if
Rapp had communicated his intent to pursue an appeal of the judgment
notwithstanding his acceptance of the registry funds, his execution of an
unconditional release of the monetary-damages portion of the judgment he now
challenges would hardly be consistent with an appeal of it. See Reames, 712
S.W.2d at 804–05.

            An unconditional release of judgment
operates as a total relinquishment of all rights of the judgment creditor in
the judgment.  It is a complete discharge
of the debt created by the judgment and a complete surrender of the judgment
creditor’s rights in the judgment.  With
the noted exclusion of the declaratory relief, the release operated to
relinquish all of Rapp’s rights in and to the judgment, including the right to
challenge it on appeal. 

            Rapp argues that his appeal remains
viable notwithstanding the 
release of judgment.  He
cites to only one case involving a release of judgment — Tubb v. Vinson Exploration, Inc., 892 S.W.2d 183, 184–86 (Tex. App.—El
Paso 1994, writ denied).  In Tubb, the
defendant paid the judgment, and the plaintiff signed a release of
judgment.  See id. at 184.  Although the court of appeals dismissed the
defendant’s appeal as moot, the court affirmed the judgment after finding that
the plaintiff failed to preserve error as to the issue raised in its
cross-point.  See id. at
184–86.  The Tubb court did not explicitly
address the issue of mootness as to the plaintiff’s
cross-point.  See id.  To the extent that Tubb implicitly
finds that appellate courts have jurisdiction over appeals from judgments that
have been released, we respectfully decline to follow it.  

            Under the circumstances presented
here, we hold Rapp cannot maintain an appeal from the monetary-damages portion
of the judgment.  See Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378, 392 (Tex. 2000)
(holding release of judgment against appellant/respondent mooted
appellant/respondent’s appeal of judgment against him); Gene Doss Constr. & Ins. Co. of the West
v. Burton Indep. Sch. Dist., No. 01-03-00086-CV, 2003 WL 1990463, at *1 (Tex. App.—Houston [1st Dist.] May 1, 2003, no pet.) (dismissing appeal for lack of jurisdiction based on mootness upon proof that the judgment being appealed had
been fully paid, released, and satisfied) (mem. op.);
Hart v. Jett Enterprises, Inc., 744
P.2d 561, 562–63 (Ok. 1987) (dismissing as moot plaintiff’s appeal from
judgment after she executed a release and satisfaction of judgment); see also Hart, 744 P.2d at 563 (Opala, J.,
concurring) (stating “[n]o appeal lies from a judgment shown to have been
released and satisfied”).  The judgment
having been released (save the declaratory relief which Rapp does not
challenge), there is nothing to appeal. 
Thus, Rapp’s attempted appeal is moot.

            For the reasons stated above, we
conclude that this court lacks jurisdiction over this appeal.  Accordingly, we grant the Judgment Debtors’
motion to dismiss this appeal as moot, and we dismiss this case for lack of
jurisdiction.  

                                                                                    

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

Judgment
rendered and Opinion filed August 28,
 2003.

Panel
consists of Justices Yates, Hudson, and Frost.

 











            [1]  A  later order of the trial court, signed
on November 1, 2001, notes
Rapp’s objection to the October 5,
 2001 order, but the record does not indicate the basis for Rapp’s
objection.





            [2]  The Judgment Debtors contend that if, in part
of his argument on the merits, Rapp is correct that the trial court improperly
submitted jury question 2, then the trial court erred in refusing the Judgment
Debtors’ requested instruction for jury question 1, and, therefore, the
Judgment Debtors allege that they would be entitled to remand for a new
trial.