**Robert D. RAPP, Appellant,**

v.

**MANDELL & WRIGHT, P.C., Eliot P. Tucker, and Stephen M. Vaughan, Appellees.**

No. 14–01–01047–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 28, 2003.

Rehearing Overruled Jan. 15, 2004.

---

**1.** *See Davis v. Davis,* 278 Md. 534, 365 A.2d 1004 (1976); *In re Nessel's Estate,* 164 Cal. App.2d 798, 331 P.2d 205 (1958).

Douglas R. Little, Houston, for appellants.

T. Michael Wall, Houston, for appellees.

Panel consists of Justices YATES, HUDSON, and KEM THOMPSON FROST.

**OPINION**

KEM THOMPSON FROST, Justice.

In this case, we decide whether a judgment creditor who has accepted full payment of the judgment and acknowledged that it has been satisfied and released may nonetheless challenge the judgment on appeal.

Appellant Robert D. Rapp, the plaintiff below, complains that the trial court's judgment awarded him damages in a lesser sum than he was entitled to receive in his suit against his former law firm, appellee/defendant Mandell & Wright, P.C., and two shareholders of that firm, appellees/defendants Eliot P. Tucker and Stephen M. Vaughan. Appellees have moved to dismiss this appeal as moot because Rapp accepted the full amount of the trial court's judgment in complete satisfaction thereof and acknowledged that the judgment is released and satisfied. Because we find the matter moot, we dismiss this appeal for lack of jurisdiction.

**I. Factual and Procedural Background**

Rapp, formerly a shareholder of Mandell & Wright, P.C., sued the law firm as well as two of his former fellow shareholders, Tucker and Vaughan, asserting breach-of-contract and tort claims. After a jury trial, on October 3, 2001, the trial court signed a judgment awarding Rapp: (1) $638,228 plus $60,349.52 in prejudgment interest against Mandell & Wright, P.C., and (2) $87,966 plus $17,062.99 in prejudgment interest against Tucker and Vaughan. This judgment also granted declaratory relief.

Mandell & Wright, P.C., Tucker, and Vaughan (hereinafter collectively referred to as the "Judgment Debtors") tendered a cashier's check to Rapp in the full amount of the trial court's judgment—$803,606.51. Rapp would not accept the check and sign a release acceptable to the Judgment Debtors. Therefore, on October 5, 2001, the trial court signed an "Order of Satisfaction and Release of Judgment," ordering that the $803,606.51 be held in the registry of the court until Rapp delivered a release of judgment in a form reasonably satisfactory to the Judgment Debtors and approved by the trial court. In this order, the trial court found that the Judgment Debtors had fully paid the judgment's monetary award against them. The trial court also released the Judgment Debtors

from the judgment and found that the judgment had been fully satisfied. The trial court expressly stated that its order did not affect the declaratory relief that had been granted in the judgment. Rapp objected to this order.[1]

Thereafter, on November 1, 2001, Rapp signed an "Acknowledgment of Payment and Release of Judgment." In this document, Rapp expressly acknowledged receipt of the registry funds and also acknowledged that the Judgment Debtors had tendered a check to him for $10,397.41 as the full amount of the court costs awarded to him in the judgment. Rapp also expressly acknowledged his release of the judgment. The "Acknowledgment of Payment and Release of Judgment" states in relevant part:

> Robert D. Rapp therefore acknowledges receipt of $803,606.51 from the registry of the Court and receipt of $10,397.41 from [the Judgment Debtors] in complete satisfaction of all damages, costs, or other money awarded to Rapp in the Judgment and acknowledges that the Judgment and any liens arising from the Judgment are released and satisfied; *provided, however,* that this Acknowledgment and Release of Judgment does not affect the declaratory relief granted in the Judgment.

On November 1, 2001, the trial court signed an order finding that the "Acknowledgment of Payment and Release of Judgment" was in a form reasonably satisfactory to the Judgment Debtors. At that time, the trial court approved the release of judgment and ordered the district clerk to immediately issue a draft to transfer to Rapp the funds held in the registry of the court. Rapp received and accepted the registry funds. The next day Rapp filed a

notice of appeal, seeking to appeal from the trial court's judgment.

On appeal, Rapp asserts that, as a matter of law, the trial court should have awarded him an additional $349,937 against the Judgment Debtors. The Judgment Debtors assert that this court should not reach the merits of this case because the appeal is moot based on Rapp's acceptance of benefits and unconditional release of the judgment. They urge this court to dismiss Rapp's appeal for lack of jurisdiction.

Though he seeks a reversal of the satisfied and released judgment, Rapp argues his appeal is not moot because the "Acknowledgment of Payment and Release of Judgment" is not inconsistent with his appeal seeking additional damages. Rapp also argues that signing the "Acknowledgment of Payment and Release of Judgment" was the only way that he could seek greater damages on appeal and also accept full payment of the trial court's judgment from the Judgment Debtors, who wanted to stop the accrual of postjudgment interest and who insisted that Rapp sign a release of judgment before he could obtain the funds.

## II. ANALYSIS

As a threshold matter, we must determine if Rapp's unconditional release of the monetary-damages portion of the judgment renders this appeal moot and thereby deprives this court of jurisdiction.

■ Both Rapp and the Judgment Debtors focus their appellate arguments on the acceptance-of-benefits doctrine, which basically provides that one who has voluntarily accepted the benefits of a judg-

---

1. A later order of the trial court, signed on November 1, 2001, notes Rapp's objection to the October 5, 2001 order, but the record does not indicate the basis for Rapp's objection.

ment cannot usually appeal from that judgment. *See, e.g., Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950) (discussing doctrine that one who has voluntarily accepted the benefits of a judgment cannot usually appeal therefrom, as well as a narrow exception to this doctrine). This principle is founded on an estoppel theory and has been applied in various contexts. *See, e.g., Bloom v. Bloom,* 935 S.W.2d 942, 945–48 (Tex.App.-San Antonio, 1996, no writ) (holding that acceptance-of-benefits doctrine precluded ex-wife from attacking trial court's ability to assert personal jurisdiction over her in writ-of-error appeal). Rapp relies on a narrow exception which provides that the acceptance-of-benefits doctrine does not apply if (1) a reversal of the trial court's judgment could not possibly affect the appellant's right to the benefits secured by the appellant under the judgment, and (2) the appellee would "be compelled to concede upon another trial that appellant has the right to retain those benefits regardless of the outcome of the litigation." *Carle,* 234 S.W.2d at 1004.

Rapp argues that because he seeks only a reversal and rendition of judgment for additional monetary damages, this exception to the acceptance-of-benefits doctrine applies and the appeal is not moot. Even assuming for the sake of argument that Rapp seeks only this relief and that this court would otherwise be able to grant it[2], we first must resolve the threshold question of whether this court has jurisdiction over this case, in which Rapp seeks to appeal from a judgment that has been released. Though all parties point to the acceptance-of-benefits doctrine and the *Carle* line of cases to support their arguments, none of these cases address the

effect of a release of judgment on the releasing party's right to appeal. Because Rapp signed a release of the judgment he now seeks to appeal, this case presents a fundamental question that is not addressed by the *Carle* line of cases—*Does appeal lie from a judgment that has been unconditionally released?* We hold that it does not.

 Though the arguments relating to Rapp's release of judgment and his acceptance of its benefits intersect, the two concepts are distinct and are based on different principles. A release of judgment is an express relinquishment by the judgment creditor of his rights in the judgment; it operates as a bar because the one who might otherwise have asserted the right has expressly surrendered it. The estoppel principles underlying the acceptance-of-benefits doctrine come into play where the party's words, conduct, or silence are inconsistent with the right he seeks to assert, though he may not have expressly surrendered the right. While acceptance of full payment in satisfaction of the judgment is some evidence of action inconsistent with an appeal, a release of judgment is itself a discharge and surrender of all rights of the judgment creditor in the judgment. In this regard, we disagree with Rapp's assertion that his release of the judgment is consistent with an appeal from it.

 If a judgment creditor accepts money in complete satisfaction and release of his judgment, that judgment has no further force or authority. *See Reames v. Logue,* 712 S.W.2d 802, 804–05 (Tex.App.-Dallas 1986, writ ref'd n.r.e.) (stating that judgment was *functus officio* and extin-

---

**2.** The Judgment Debtors contend that if, in part of his argument on the merits, Rapp is correct that the trial court improperly submitted jury question 2, then the trial court erred in refusing the Judgment Debtors' requested instruction for jury question 1, and, therefore, the Judgment Debtors allege that they would be entitled to remand for a new trial.

guished for all purposes after judgment creditor accepted money in "full and complete satisfaction and release" of the judgment); *see also Baca v. Hoover, Bax & Shearer*, 823 S.W.2d 734, 738 (Tex.App.-Houston [14th Dist.] 1992, writ denied) (stating that *functus officio* means "of no further force or authority"). Rapp has accepted payment of all the damages and costs awarded in the trial court's judgment. Moreover, in the "Acknowledgment of Payment and Release of Judgment," Rapp unconditionally and unambiguously acknowledged that the part of the judgment he now attacks on appeal is satisfied and released. The only exception from this release is the declaratory relief granted in the judgment, which Rapp does not attack in his attempted appeal.

Rapp did not except from the "Acknowledgment of Payment and Release of Judgment" his right to appeal and seek a judgment in excess of the amounts awarded in the trial court's judgment. *Cf. Miga v. Jensen*, 96 S.W.3d 207, 211–12 (Tex.2002) (stating that judgment debtor may pay judgment to halt accrual of postjudgment interest while still preserving appellate rights and that, in these circumstances, the safe practice would be to explicitly reserve the right to appeal when the judgment is paid). Except for the unchallenged declaratory relief, Rapp's release of judgment was complete and unconditional.

Because of the Judgment Debtors' placement of the full amount of the judgment in the registry of the court and the trial court's October 5, 2001 order, Rapp was assured that he would be paid the full amount of the trial court's judgment. Before Rapp signed the release of judgment, he had the right to challenge the trial court's October 5, 2001 order on appeal. *See Miga*, 96 S.W.3d at 212 ("When a judgment creditor has received an unconditional tender of the money awarded, and

may invest it as he chooses, there is no need for the continuing accrual of postjudgment interest.") Rapp also could have refused to sign any release of judgment unless it expressly preserved his right to appeal, while still protecting the Judgment Debtors. For whatever reason, Rapp did not pursue these options. Instead, he decided on November 1, 2001, to accept the registry funds then and release the judgment without reserving his right to appeal and seek a greater monetary-damages award.

Rapp now asks this court to entertain his appeal from the monetary-damages portion of a judgment that he has acknowledged is released. There is no evidence before this court that, at the time he executed the "Acknowledgment of Payment and Release of Judgment" and accepted payment of the full amount of the judgment, Rapp communicated to the Judgment Debtors an intent to appeal the judgment and seek additional damages. *Cf. Miga*, 96 S.W.3d at 212 (stating that payment of a judgment will not moot the judgment debtor's appeal of that judgment if the judgment debtor clearly expresses an intent to exercise his right of appeal and appellate relief is not futile). Even if Rapp had communicated his intent to pursue an appeal of the judgment notwithstanding his acceptance of the registry funds, his execution of an unconditional release of the monetary-damages portion of the judgment he now challenges would hardly be consistent with an appeal of it. *See Reames*, 712 S.W.2d at 804–05.

■ An unconditional release of judgment operates as a total relinquishment of all rights of the judgment creditor in the judgment. It is a complete discharge of the debt created by the judgment and a complete surrender of the judgment creditor's rights in the judgment. With the noted exclusion of the declaratory relief,

the release operated to relinquish all of Rapp's rights in and to the judgment, including the right to challenge it on appeal.

Rapp argues that his appeal remains viable notwithstanding the release of judgment. He cites to only one case involving a release of judgment—*Tubb v. Vinson Exploration, Inc.*, 892 S.W.2d 183, 184–86 (Tex.App.-El Paso 1994, writ denied). In *Tubb*, the defendant paid the judgment, and the plaintiff signed a release of judgment. *See id.* at 184. Although the court of appeals dismissed the defendant's appeal as moot, the court affirmed the judgment after finding that the plaintiff failed to preserve error as to the issue raised in its cross-point. *See id.* at 184–86. The *Tubb* court did not explicitly address the issue of mootness as to the plaintiff's cross-point. *See id.* To the extent that *Tubb* implicitly finds that appellate courts have jurisdiction over appeals from judgments that have been released, we respectfully decline to follow it.

Under the circumstances presented here, we hold Rapp cannot maintain an appeal from the monetary-damages portion of the judgment. *See Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 392 (Tex. 2000) (holding release of judgment against appellant/respondent mooted appellant/respondent's appeal of judgment against him); *Gene Doss Constr. & Ins. Co. of the West v. Burton Indep. Sch. Dist.*, No. 01–03–00086–CV, 2003 WL 1990463, at *1 (Tex.App.-Houston [1st Dist.] May 1, 2003, no pet.) (dismissing appeal for lack of jurisdiction based on mootness upon proof that the judgment being appealed had been fully paid, released, and satisfied) (mem.op.); *Hart v. Jett Enterprises, Inc.*, 744 P.2d 561, 562–63 (Ok.1987) (dismissing as moot plaintiff's appeal from judgment after she executed a release and satisfaction of judgment); *see also Hart*, 744 P.2d at 563 (Opala, J., concurring) (stating "[n]o

appeal lies from a judgment shown to have been released and satisfied"). The judgment having been released (save the declaratory relief which Rapp does not challenge), there is nothing to appeal. Thus, Rapp's attempted appeal is moot.

For the reasons stated above, we conclude that this court lacks jurisdiction over this appeal. Accordingly, we grant the Judgment Debtors' motion to dismiss this appeal as moot, and we dismiss this case for lack of jurisdiction.