Motion Granted; Appeal Dismissed
and Memorandum Opinion filed March 31, 2011.



 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00113-CV



 

Charles Heard & The
Charles Heard Law Firm, PC, Appellants

V.

Patricia Medjkoune & Skin
RecoverY Center, Inc., Appellees

 



On Appeal from the 127th
District Court

Harris County, Texas

Trial Court Cause No. 2007-09933A



 

MEMORANDUM  OPINION

 

Appellants Charles Heard and the Charles Heard Law
Firm appeal the trial court’s judgment in their favor.  Because appellants
accepted payment of the judgment from appellees and released the judgment, we
dismiss the appeal.

Background

Appellees Patricia Medjkoune and the Skin Recovery
Center engaged appellants, a lawyer and law firm, to represent them in a suit
against third parties in which appellees alleged fraud, violation of the Texas
Deceptive Trade Practices Act, and breach of a lease.  Appellants subsequently
sued appellees alleging breach of contract.  A jury determined that appellees
breached the contract with appellants and awarded damages of $4171.87 for each
appellee.  Additionally, the jury awarded the Charles Heard Law Firm attorney’s
fees in the amount of $1.00 for preparation and trial, $1.00 in the event of a
successful appeal to the court of appeals, and $1.00 in the event of a
successful appeal to the supreme court.  The trial court signed a judgment
based on the jury’s award.  Appellants appeal that judgment

Appellees’
Motion to Dismiss

On November 18, 2010, appellees filed a motion to
dismiss this appeal based on appellants’ acceptance of the benefits of the judgment. 
Appellees represented that they paid $9,660.48 in satisfaction of the judgment
and that appellants accepted payment and signed a release of judgment. 
Attached to appellees’ motion is an email from Charles Heard dated June 4,
2010, in which he stated:

Please convey this offer to Mrs. Medjkoune.

At this juncture, I have a confirmed judgment against her
and her company for $9283.20 as of Dec. 30, 2009.  It has earned interest, and
is now $9,517.71.

In addition, my collection efforts to date amount to
another $2,000.00 in round terms, which I would get if I need to.  BTW, my
abstract should be of record in the real property records of Harris County.

I am out approximately $1,000.00 in out-of-pocket expenses
in the appeal, not counting my time.

In a successful appeal, I am, of course, seeking an
additional $20,300.00 in my fees for the breach litigation, and roughly
$2,300.00 more in contract damages (plus interest).  I would also ask the
appeals court to remand the question of fees for appeal to the trial court,
where I am sure I can show my fees.  So, best case, the total for a “win” (for
me) would be about $27,600.00 MORE than we have on the meter now.

So, all that considered, here is my offer—

            $9,517.71 due and owing on the judgment

            1,500.00 collections (25% discount of
actual)

            1,000.00 appeal expenses (discounting my time
totally)

            5,000.00 to settle the appeal (discounting the
appeal over 80%)

So, $17,017.71 to settle everything.  By the end of next
week.  This is a firm, fair offer, not an invitation to bicker.  Mrs. Medjkoune
can turn off the collection expenses by accepting this offer, and avoid having
to answer my discovery, as well (and I’ll be getting a depo soon).  I’d even
accept her payment of $11,017.71, avoiding further collection, while going on
with the appeal (I’ve done most of the work, so it is worth rolling the dice to
me).

I will accept a structured payment plan with at least 50%
down, and 5% interest, with both defendants on the note.

In their motion to dismiss, appellees assert
appellants accepted $9,660.48 in satisfaction of the judgment.  In their
motion, appellees represent that appellants accepted payment of the judgment
and signed a release of judgment.  Appellees, however, did not attach the
release.  In response to appellees’ motion, appellants do not dispute that they
accepted this payment in satisfaction of the judgment.  Appellants appear to
allege that despite having accepted payment of the judgment, they wish to
pursue an appeal of the jury’s award of appellate attorney’s fees.  

In their response, appellants state:

It was understood that the Appellee was paying the JUDGMENT
from the court below to avoid the burden of the collection process, including
post-judgment discovery and costs, and the embarrassment of having the
execution on the judgment made at her place of business.

The Appellee knows that the payment she tendered never
settled all CLAIMS by the Appellant, only the judgment she
already . . . and unquestionably . . . owed.  She offered a discounted
settlement of the judgment, which the Appellant accepted.  That
amount would be applied as an off-set to the claims now before the Court.  (emphasis
in original)

 

Analysis

“A litigant cannot treat a judgment as both right and
wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot
afterward prosecute an appeal therefrom.”  Carle v. Carle, 149 Tex. 469,
234 S.W.2d 1002, 1004 (1950).  There are narrow exceptions to the “acceptance
of benefits” rule:  (1) when acceptance of the benefits is not voluntary because
of financial duress or other economic circumstances; and (2) when reversal of
the judgment on the grounds appealed cannot possibly affect an appellant’s
right to the benefits accepted under the judgment.  See Waite v. Waite, 150
S.W.3d 797, 803-04 (Tex. App.—Houston [14th Dist.] 2004, pet. denied).  The
second exception has also been characterized as applying to situations in which
the appellees would be compelled to concede upon another trial that appellants have
the right to retain those benefits regardless of the outcome of the
litigation.”  Carle, 234 S.W.2d at 1004.

Appellants do not dispute that they have accepted the
benefits of the judgment.  Appellants invoke the second exception claiming they
are entitled to more than the jury awarded.  In their brief, appellants argue
the jury’s findings on attorney’s fees for preparation for trial and for a
potential appeal are not supported by the evidence.  By their own admission,
however, appellants have accepted appellees’ discounted settlement of the
judgment.  

In addition, the record does not reflect that
appellants reserved within the release of judgment the right to appeal any
portion of the judgment.  A judgment debtor may pay the judgment while still
preserving appellate rights.  Miga v. Jensen, 96 S.W.3d 207, 211–12
(Tex. 2002).  The safe practice, under these circumstances, would be to
explicitly reserve the right to appeal when the judgment is paid. Id.; Rapp
v. Mandell & Wright, P.C., 123 S.W.3d 431, 435 (Tex. App.—Houston [14th
Dist.] pet. denied).  Appellants did not file the release with this court, nor
do they claim that they explicitly reserved a right to appeal in the release of
judgment. 

Having accepted appellees’ payment in satisfaction of
the judgment, appellants are estopped by the acceptance of benefits rule from
maintaining this appeal.  See Carle, 234 S.W.2d at 1004-05.  Having
released the judgment with no indication of any simultaneous communication to
appellees of an intent by appellants to continue their appeal from the judgment,
this appeal is moot.  See Rapp, 123 S.W.3d at 434-36.   Accordingly,
we grant appellees’ motion to dismiss and dismiss this appeal.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Frost,
Jamison, and McCally.