**Motion Granted; Appeal Dismissed and Memorandum Opinion filed January 9, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00467-CV

---

## IN THE INTEREST OF B.W.E. AND A.E.E., CHILDREN

---

**On Appeal from the County Court at Law No. 2**
**Galveston County, Texas**
**Trial Court Cause No. 09-FD-1000**

---

### M E M O R A N D U M   O P I N I O N

Appellant Wayne English appeals from the trial court's order in a suit for modification of child support. On March 13, 2013, the trial court modified child support and ordered appellant to pay $477 per month beginning April 1, 2013. Prior to the modification, appellant had been ordered to pay $1,500 per month. Appellant appealed arguing that the trial court erred in (1) not deducting social security taxes, Medicare taxes, federal income taxes and health insurance from his gross resources in determining the child support obligation; and (2) ordering the

modified child support obligation to begin April 1, 2013. In his brief, appellant asks this court to reduce his child support to $374 per month, and order the modification to begin November 8, 2012, rather than April 1, 2013.

In an agreed order signed November 20, 2013, after appellant filed his brief, appellant and Nanette Combs, the mother of the children, agreed that all child support obligations would be terminated. The agreement also contained a release by the Attorney General and the mother releasing appellant from any obligation on child support arrearage. The release provides as follows:

> It is FOUND and CONFIRMED that the Attorney General relinquishes any further claim to $6138.23, representing Obligee's share of the judgment, including any and all interest which may have accrued, which is not assigned to the Attorney General as the IV-D agency.

> It is further FOUND and CONFIRMED that NANETTE LUCILE COMBS, Obligee, releases said $6138.23 of the child support judgment, representing Obligee's share of the judgment, including any and all interest which may have accrued, which is not assigned to the Attorney General as the IV-D agency.

Citing the November 20, 2013 agreed judgment, the Office of the Attorney General filed a motion to dismiss appellant's appeal as moot.

A case becomes moot when: (1) it appears that a party seeks to obtain a judgment upon some controversy, when in reality none exists; or (2) a party seeks a judgment upon some matter, which cannot have any practical legal effect upon a then existing controversy. *Camarena v. Tex. Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988); *Robinson v. Alief Indep. Sch. Dist.*, 298 S.W.3d 321, 324 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). "An unconditional release of judgment operates as a total relinquishment of all rights of the judgment creditor in the judgment. It is a complete discharge of the debt created by the judgment and a

2

complete surrender of the judgment creditor's rights in the judgment." *Rapp v. Mandell & Wright, P.C.*, 123 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

In this case, appellant seeks two forms of relief: (1) reduction in monthly child support, and (2) an earlier beginning date for reduced child support. The agreed judgment attached to appellee's motion to dismiss addresses both issues. Appellant's request for reduced child support is rendered moot by termination of all child support obligations. Further, appellant's request for an earlier start date is rendered moot by the unconditional release of the arrearage and the termination in future obligations.

Accordingly, appellee's motion to dismiss is granted and this appeal is dismissed.


PER CURIAM


Panel consists of Justices Boyce, Christopher, and Brown.