**Motion Granted; Appeal Dismissed and Memorandum Opinion filed January 9, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00578-CV

---

### R.F. BEARDEN, Appellant

### V.

### WALTON HOUSTON GALLERIA OFFICE, LP, Appellee

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 959039**

---

## M E M O R A N D U M   O P I N I O N

Appellant R. F. Bearden appeals from a judgment in favor of appellee Walton Houston Galleria Office, L.P. On November 21, 2013, appellee filed a release of judgment, which provides:

> Plaintiff WALTON HOUSTON GALLERIA, L.P. hereby Releases, Relinquishes, and Discharges the Final Judgment signed by the Court in this case on April 17, 2013 ("judgment"), which judgment was in

favor of the Plaintiff and against the Defendant R.F. BEARDEN, and Plaintiff WALTON HOUSTON GALLERIA, L.P. hereby Releases, Acquits, and Discharges the Defendant R.F. BEARDEN from that judgment.

On December 3, 2013, appellee filed a motion to dismiss the appeal as moot. "An unconditional release of judgment operates as a total relinquishment of all rights of the judgment creditor in the judgment. It is a complete discharge of the debt created by the judgment and a complete surrender of the judgment creditor's rights in the judgment." *Rapp v. Mandell & Wright, P.C.*, 123 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Because appellee unconditionally released the judgment, we do not have jurisdiction over appellant's appeal. *See Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 392 (Tex. 2000).

Appellant argues that this court has jurisdiction over his appeal because the judgment is void and therefore subject to appeal. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995). However, a party affected by void judicial action need not appeal. *State ex rel Latty v. Owens*, 907 S.W.2d 484, 486 (Tex.1995). If the judgment is void, it cannot be enforced against appellant, just as it cannot be enforced due to appellee's release. *See Custom Corporates, Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 837 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Even if this court had jurisdiction over appellant's appeal and determined the judgment is void, the result to appellant is the same.

Accordingly, the appeal is dismissed.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Brown.