# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-12-00786-CV

**Dennis C. Davis, Appellant**

**v.**

**Fayette County Appraisal District, Appellee**

### FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT
### NO. 3450, HONORABLE JEFF R. STEINHAUSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw the opinion and judgment dated July 18, 2014, and substitute the following opinion and judgment in their place. We deny appellant's motion for rehearing.

Dennis C. Davis appeals pro se from a judgment in the Fayette County Appraisal District's favor. The trial court decreed that Davis owed the District $1,431.74 in delinquent taxes, penalties, and interest on a royalty interest in a particular tract of land and denied all other requested relief. The District released the judgment lien two months later. On appeal, Davis challenges the sufficiency of the evidence supporting the judgment awarding delinquent taxes to the District. The District's release of the judgment moots this issue on appeal. Davis also contends that the trial court erred by denying his counterclaims for libel, slander, defamation, civil conspiracy, and violation of the Deceptive Trade Practices Act and his motion for sanctions. We will vacate the trial court's

judgment in part and dismiss the portion of the judgment awarding delinquent taxes as moot. We will affirm the rest of the judgment because Davis presented no evidence in the trial court supporting his counterclaims or motion for sanctions.

**BACKGROUND**

The District sued Davis for failing to pay property taxes owed to taxing units in Fayette County on March 29, 2012. *See* Tex. Tax Code § 33.43 (establishing requirements for petition initiating suit to collect delinquent property tax). Davis filed a number of responsive pleadings, including an answer, counterclaims, and a motion for sanctions. Davis contended that he did not owe the delinquent taxes and thus had been wrongfully sued; this contention formed the basis for his counterclaims and motion for sanctions.

The District set the case for trial on October 31, 2012. The District served Davis with notice of the trial setting on September 14, 2012. The clerk's record contains neither a request from Davis (who was incarcerated at the time) seeking a bench warrant to appear for the trial nor any other pleading seeking to delay the trial. Davis did not appear for trial, and consequently, he presented no testimony or other evidence in support of his claims.

The judgment states that the trial court considered the pleadings, evidence, and arguments presented. The District presented the affidavit of the tax collector certifying a copy of the delinquent tax roll statement reflecting that Davis owed $1,431.74 to the various taxing units for his interest in the property tract described on the statement. *See id.* § 33.47 (providing that certified copies of entries showing property and amount of tax and penalties imposed and interest accrued constitute prima facie evidence that law related to imposition of tax has been complied with and

2

that amount of delinquent tax, penalties, and interest listed is correct); *see also* Tex. R. Civ. P. 241 (establishing that damages shall be assessed by trial court on liquidated claim proved by written instrument when default judgment is rendered against defendant). The trial court rendered judgment in favor of the District and ordered that "any relief previously requested and not herein granted is expressly denied."

Davis filed a notice of appeal on November 27, 2012. The District filed a release of the judgment lien on January 9, 2013.

## ANALYSIS

Davis primarily challenges the trial court's denial of his counterclaims and motion for sanctions, both of which were based on his assertion that the District and its attorney knowingly filed a frivolous pleading that was defamatory, slanderous, and fraudulent. He also contends that the District continued to rely on its allegedly fraudulent pleading through trial, which we read as a challenge to the sufficiency of the evidence supporting the award of delinquent taxes.

The District has moved to dismiss Davis's appeal, asserting that this Court lacks jurisdiction to hear it. The District contends that Davis asks for affirmative relief that can only be granted by a trial court, citing Texas Constitution article V, section 8 for the proposition that only state trial courts have the power of general jurisdiction. The District further argues that Davis's brief fails to cite authority that supports his appeal and fails to adequately brief the issues. *See* Tex. R. App. P. 38.1(i) (requiring clear and concise argument for contentions and appropriate citations to authorities and record). In addition, the District asserts that its full release of the judgment against Davis mooted the appeal and we therefore should not decide the issues presented on appeal.

3

*See Rapp v. Mandell & Wright, P.C.*, 123 S.W.3d 431, 435-36 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (explaining that judgment creditor's unconditional release of judgment operates as total relinquishment of all of judgment creditor's rights in judgment).

As a preliminary matter, we address the District's contention that the release of judgment lien moots the appeal. A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). In this case, Davis's briefing can be liberally construed as challenging the sufficiency of the evidence supporting the trial court's judgment that he owed $1,431.74 to the various taxing units. However, the District's unconditional release of judgment operated as a total relinquishment of all its rights in the judgment and a complete discharge of the debt created by the judgment. *See Rapp*, 123 S.W.3d at 435-36. Consequently, to the extent that Davis challenges the award of delinquent taxes, that issue is now moot. *See Lee v. Dykes*, 312 S.W.3d 191, 194 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (holding that plaintiff-appellee's release of judgment related to portion of damages award mooted defendant-appellant's issues challenging that portion of award and affirming judgment relative to that portion of award). Without reference to the merits of the issue, we vacate the portion of the trial court's judgment awarding delinquent taxes to the District. *See Coburn v. Moreland*, 433 S.W.3d 809, 826 (Tex. App.—Austin 2014, no pet.) (concluding that appellate court should vacate trial court's judgment in part when issue becomes moot during appeal); *Thompson v. Ricardo*, 269 S.W.3d 100, 105 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (vacating portion of trial court's sanctions order because appeal became moot). This conclusion, however, does not require dismissal of the appeal.

A case is not rendered moot simply because some of the issues become moot during the appellate process. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d at 737 (citing *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642-43 (Tex. 2005) (holding dispute over attorneys' fees was live controversy and thus case was not moot), and *Camarena v. Texas Emp't Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988) (same)). The primary focus of Davis's brief is his contention that the trial court should not have denied his counterclaims and his motion for sanctions, which were independent claims for affirmative relief. *See* Tex. R. Civ. P. 47 (identifying counterclaims as claims for relief); *University of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 101 (Tex. 2006) (per curiam) (explaining that claim for affirmative relief must allege claim independent of plaintiff's claim on which claimant could recover compensation even if plaintiff abandons or cannot establish his own claim); *cf.* Tex. R. Civ. P. 162 (plaintiff's right to nonsuit case shall not prejudice adverse party's right to be heard on pending claim for affirmative relief). A live controversy remains because if we agreed with Davis that the trial court erred by denying his counterclaims and motion for sanctions, we would reverse and remand the case to the trial court to consider those issues or we would reverse and render the judgment the trial court should have rendered. *See Allstate*, 159 S.W.3d at 643. Therefore, we deny the District's motion to dismiss the appeal.

We next consider the adequacy of Davis's briefing.[1] We must reasonably and

---

[1] After his briefing had been completed, Davis asked this Court to appoint appellate counsel for him. Because this Court is not empowered to appoint counsel for litigants, we interpret his request as a motion to abate to allow him to seek appointment of counsel from the trial court. We note, however, that Davis previously asked the trial court to appoint appellate counsel and the trial court did not do so. We further note that the trial court has the power to appoint counsel in civil cases in very limited circumstances, none of which are present in this case. *See Assignees of Best Buy v. Combs*, 395 S.W.3d 847, 862-63 (Tex. App.—Austin 2013, pet. denied) (identifying

liberally construe the Texas Rules of Appellate Procedure "so that the right to appellate review is not lost by waiver"; we also "should reach the merits of an appeal whenever reasonably possible." *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008). Davis provides sufficient argument and citation to legal authorities to acquaint the Court with the issues in the case and to decide the case. *See* Tex. R. App. P. 38.9 (requiring appellate courts to liberally construe briefing rules). Rather than providing citations to the record, however, Davis relies on documents attached to his brief that are not part of the appellate record. *See id.* R. 34.1 (defining appellate record as clerk's record and any reporter's record necessary to appeal). Attaching documents as exhibits or appendices to briefs does not constitute formal inclusion in the appellate record; thus, we cannot consider these documents. *See, e.g.*, *Cantu v. Horany*, 195 S.W.3d 867, 870 (Tex. App.—Dallas 2006, no pet.); *Adams v. Reynolds Tile & Flooring, Inc.*, 120 S.W.3d 417, 423 (Tex. App.—Houston [14th Dist.] 2003, no pet.). We are limited to the appellate record provided. *Save Our Springs Alliance, Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 892 (Tex. App.—Austin 2010, pet. denied).

With this limitation in mind, we turn to the live issue on appeal. Davis asks us to render judgment in his favor on his counterclaims and his motion for sanctions, asserting that we must render the judgment that the trial court should have rendered.[2] A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure.

---

circumstances in which trial courts are authorized to appoint counsel in civil cases). Therefore, we deny Davis's motion to abate.

[2] We note that this is relief that we have jurisdiction to consider granting, contrary to the District's assertion in its motion to dismiss that Davis seeks relief that may only be granted by the trial court. *See* Tex. R. App. P. 43.2(c) (appellate court may reverse trial court's judgment in whole or in part and render judgment trial court should have rendered).

*Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Leonard v. Abbott*, 171 S.W.3d 451, 461 (Tex. App.—Austin 2005, pet. denied). Both at trial and on appeal, the pro se party must properly present his case. *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 677-78 (Tex. App.—Dallas 2004, pet. denied). Nothing in the record before us indicates that Davis ever set his counterclaims or motion for sanctions for any hearing separate from the trial on the merits set by the District, and Davis did not appear at trial.[3] *See* 155th (Tex.) Dist. Ct. Loc. R. 203 (Austin, Waller, and Fayette Counties) ("All settings are to be initiated by contacting the court's coordinator. The coordinator will set all matters."). A trial court may properly render a take-nothing judgment on a counterclaim when a defendant fails to appear at a trial on the merits and present evidence on his claim. *Walker v. Kleiman*, 896 S.W.2d 413, 416 (Tex. App.—Houston [1st Dist.] 1995, no writ) (citing *Bradley Motors, Inc. v. Mackey*, 878 S.W.2d 140, 140 (Tex. 1994) (per curiam), as example of post-answer default judgment case in which trial court also granted take-nothing judgment on defendant's counterclaim). We conclude that it was also proper for the trial court to render a take-nothing judgment on Davis's motion for sanctions when he failed to appear at the trial on the merits and present evidence on his claim. We overrule Davis's issue challenging the trial court's denial of his counterclaims and his motion for sanctions.

---

[3] Although not presented as an issue in his appellate brief, Davis asserts in his notice of appeal and in his response to the District's motion to dismiss that he "was not allowed and actually denied from participating in the proceeding." A prisoner has no absolute right to be present in a civil action, and a prisoner requesting a bench warrant must make a showing that justifies the need for his presence. *See In re Z.L.T.*, 124 S.W.3d 163, 165-66 (Tex. 2003). Nothing in the appellate record indicates that Davis requested a bench warrant and that the trial court failed to consider or act upon his request. Davis has failed to preserve error on this issue (to the extent that he has raised it) because the record does not reflect that he made a timely request or motion to appear at trial. *See* Tex. R. App. P. 33.1(a)(1). Furthermore, we note that Davis corresponded with the trial court on November 1, 2012, inquiring about the status of his case "[d]ue to the inability of being able to attend my *past* court date of 10/31/12," which shows that he had notice of the trial date.

**CONCLUSION**

Because the District's release of judgment lien moots Davis's challenge to the award of delinquent taxes, we vacate the portion of the trial court's judgment awarding delinquent taxes without reference to the merits. We affirm the remainder of the trial court's judgment because the trial court properly denied Davis's counterclaims and motion for sanctions.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed in Part; Vacated in Part on Motion for Rehearing

Filed: November 4, 2014