# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00847-CV

### Guillette & Companies, LLC, Appellant

### v.

### Patrick Arnzen, Appellee

### FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-001242, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Guillette & Companies, LLC appeals from the trial court's final judgment rendered after a bench trial on Patrick Arnzen's mandamus petition. Arnzen filed his petition against Guillette and C2P Holdings, LLC—a Delaware company for which Guillette is the managing member and in which Arnzen has a membership interest—seeking to compel examination of C2P's corporate books and records. The trial court's judgment ordered that a writ of mandamus "shall issue forthwith directing C2P . . . and Guillette . . . to produce within seven (7) days of service of process . . . any and all records, and/or communications within their possession or constructive possession relating to" enumerated categories of documents pertaining to C2P's business. The judgment also ordered that all costs incurred in the proceeding, plus interest, be taxed against C2P and Guillette jointly and severally and that Arnzen recover against C2P and Guillette, jointly and severally, $5,175.77 in attorney's fees. Guillette filed a notice of appeal but C2P did not.

Arnzen has filed a motion to dismiss Guillette's appeal, arguing that a "Partial Release of Judgment" he filed in the district court on October 9, 2020, renders the appeal moot. *See Rapp v. Mandell & Wright, P.C.*, 123 S.W.3d 431, 435–36 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (explaining that judgment creditor's unconditional release of judgment operates as total relinquishment of all of judgment creditor's rights in judgment). A supplemental record has been filed with this Court containing the release of judgment. The relevant provision of the release reads, "[Arnzen] hereby releases the Judgment rendered in favor of [Arnzen] on August 26, 2019 in the above-numbered cause as to Judgment Debtor GUILLETTE & COMPANIES, LLC." Guillette has filed a response to Arnzen's motion to dismiss in which it argues that the "collateral consequences" and "capable of repetition yet evading review" exceptions to the mootness doctrine apply. *See Marshall v. Housing Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006) (explaining collateral-consequences exception); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (explaining capable-of-repetition-yet-evading-review exception).

We conclude that Guillette's appeal is moot because of Arnzen's release of the judgment as to Guillette and, therefore, that the judgment against Guillette should be vacated. *See Davis v. Fayette Cnty. Appraisal Dist.*, No. 03-12-00786-CV, 2014 WL 5802070, at *2 (Tex. App.—Austin Nov. 4, 2014, pet. denied) (mem. op.) (holding that creditor's unconditional release of delinquent-taxes judgment operated as total relinquishment of its rights in that portion of judgment and that appellate issue related to that portion of judgment was moot and vacating that portion of trial court's judgment (citing *Rapp*, 123 S.W.3d at 435–36)). Furthermore, we conclude that neither of the mootness exceptions Guillette asserts applies here. First, the action Arnzen challenged—C2P's refusal to allow him to examine its books and records—was not of such short duration that it could not have been litigated fully before the action ceased or expired.

2

*See Williams*, 52 S.W.3d at 184 (noting that capable-of-repetition-yet-evading-review exception applies only in "rare circumstances" when challenged act is of such short duration that appellant cannot obtain review before issue becomes moot and there is reasonable expectation that same action will occur again if issue is not considered by court). Also, we are not persuaded that Guillette will suffer any concrete adverse consequence due to our dismissal of its appeal and vacation of the judgment against it. *See Marshall*, 198 S.W.3d at 785 (noting that collateral-consequences exception applies only in "narrow circumstances" when adverse consequences sustained by appellant will not be cured by vacating judgment).

      Accordingly, we grant Arnzen's motion to dismiss this appeal and, without reference to the merits of the issues raised by Guillette in its appeal, vacate the trial court's judgment as to Guillette and dismiss the case as moot. *See* Tex. R. App. P. 43.2(e); *Weeter v. NAPA Ventures Woodbridge, LLC*, No. 02-17-00345-CV, 2018 WL 3968503, at *2 (Tex. App.—Fort Worth Aug. 16, 2018, no pet.) (mem. op.).

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Vacated and Dismissed as Moot

Filed: April 1, 2021