**Affirmed and Memorandum Opinion filed November 19, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00161-CV

---

### BINNACLE TEXAS CITY TWENTY TWO, LLC, Appellant

### V.

### PRINCIPAL SERVICES, LTD., Appellee

---

**On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2021-76590**

---

## MEMORANDUM OPINION

A defendant appeals the trial court's judgment in a breach-of-contract case challenging only the trial court's attorney's fees awards. We conclude that appellant's challenges to the attorney's fees awards based on alleged deficiencies regarding work by legal assistants are moot because the appellee has released in part the trial court's judgment in the amount of the attorney's fees requested based on the legal assistants' work. We conclude that the plaintiff submitted evidence of the reasonableness of its trial attorney's hourly rate, and therefore the evidence

regarding attorney's fees was not insufficient due to a lack of evidence in this regard. We affirm the trial court's judgment while recognizing that the plaintiff has partially released it.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee/plaintiff Principal Services, Ltd. filed suit against appellant/defendant Binnacle Texas City Twenty Two, LLC seeking to recover based on a claim for breach of contract. Binnacle answered. Principal filed a motion for summary judgment on its claim, including a declaration of James Egbert, its trial attorney, regarding attorney's fees, as well as attorney's fees invoices and a work-in-progress report describing work on this case by Egbert and by Kathryn Ruiz, Donna Collins, and Heather Evans (collectively, the "Legal Assistants"). Binnacle did not file a response. The trial court signed a final summary judgment granting all the relief Principal requested: (1) $97,317.96 in actual damages, (2) $5,631.11 in prejudgment interest, (3) $14,553.85 in reasonable and necessary attorney's fees for work in the trial court, (4) conditional awards of appellate attorney's fees, (5) $7,846.66 in sanctions the trial court had previously assessed against Binnacle, (6) court costs, and postjudgment interest.

Binnacle timely filed a motion for new trial asserting various arguments in support of the proposition that Principal's evidence was legally insufficient to support any of the awards of attorney's fees. The trial court granted the motion as to the conditional awards of appellate attorney's fees and denied the motion as to the attorney's fees award for work in the trial court.

Principal filed a second summary-judgment motion submitting a declaration of attorney Clinton Twaddell and seeking conditional awards of appellate attorney's fees that were different from the awards rendered in the first judgment.

Binnacle filed no response. The trial court signed a second final judgment in which it made conditional awards of appellate attorney's fees in the amounts requested in Principal's second summary-judgment motion; the remainder of the judgment was the same as the first judgment ("Judgment").

Binnacle timely filed a second motion for new trial asserting various arguments in support of the proposition that the evidence was legally insufficient to support the award of attorney's fees for work in the trial court. The trial court denied this motion, and Binnacle timely perfected this appeal.

## II. ISSUES AND ANALYSIS

In its first issue Binnacle asserts that the trial court erred in awarding trial-stage attorney's fees to Principal because there was no evidence of the reasonableness of the hourly rate for Egbert and for the Legal Assistants under the principles in *Rohrmoos Venture v. UTSW DVA Healthcare*, LLP, 578 S.W.3d 469 (Tex. 2019). In its second issue Binnacle contends that the trial court erred in awarding fees based on the work of the Legal Assistants because there was legally insufficient evidence showing their qualifications to perform substantive legal work or showing that they performed substantive legal work under the direction and supervision of an attorney, as set forth in *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757 (Tex. 2012).

### A. Are Binnacle's complaints as to fee awards based on the Legal Assistants' work moot?

Under the first issue Binnacle complains that there is no evidence showing (1) the reasonableness of the hourly rate of any of the Legal Assistants; (2) the reasonableness of the time spent by any of the Legal Assistants, or (3) the identity of any of the Legal Assistants, their education, training, or experience, including

whether they are attorneys, law clerks, or legal assistants. Under the second issue Binnacle argues that Principal did not submit any evidence regarding the qualifications of any of the Legal Assistants or that any of them performed substantive legal work under the direction and supervision of an attorney.

Shortly before Principal filed its appellate brief in this case, it filed in the trial court a partial release of the Judgment in which Principal unconditionally releases each part of the attorney's fees awards that was based on the work of one of the Legal Assistants ("Partial Release"). In the Partial Release Principal unconditionally releases (1) $1,928.50 from the Judgment's award of reasonable and necessary attorney's fees for work in the trial court, (2) $1,120 from the conditional award for representation in the court of appeals, (3) $320 from the conditional award for representation at the petition for review stage in the Supreme Court of Texas, (4) $320 from the conditional award for representation at the merits briefing stage in the Supreme Court of Texas; and (5) $160 from the conditional award for filing or responding to a motion for rehearing in the Supreme Court of Texas. In the Partial Release Principal states that it does not release the remainder of the Judgment.

If a judgment creditor releases part of a judgment during the pendency of a judgment debtor's appeal from the judgment, any appellate challenges by the judgment debtor to the part of the judgment that is released become moot, and this court should affirm that part of the judgment, recognizing that it has been released. *See Lee v. Dykes*, 312 S.W.3d 191, 193–94 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Binnacle contends that Principal is seeking a remittitur of the fees awarded based on the work of the Legal Assistants. Under certain circumstances a court of appeals may suggest a remittitur of the damages awarded in the trial court's

4

judgment. *See* Tex. R. App. 46.3; *Qin v. Yang*, No. 14-22-00197-CV, 2023 WL 4783550, at *12 (Tex. App.—Houston [14th Dist.] July 27, 2023, pet. denied) (mem. op.). If the judgment creditor timely accepts and files the remittitur, the court of appeals will modify the trial court's judgment and affirm it as modified. *See* Tex. R. App. 46.3; *Qin v. Yang*, 2023 WL 4783550, at *12. If the judgment creditor refuses the remittitur, the court of appeals will reverse the judgment. *See* Tex. R. App. 46.3; *Qin v. Yang*, 2023 WL 4783550, at *12. In today's case this court has not suggested a remittitur, and Principal has not accepted a remittitur. Instead Principal has unconditionally released part of the Judgment. This release operates as a relinquishment by Principal of all its rights in and to the part of the Judgment that Principal has released. *See Rapp v. Mandell & Wright, P.C.*, 123 S.W.3d 431, 435–36 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Neither a release of part of the Judgment nor a conclusion by this court that this release moots some of the complaints in this appeal would result in a modification of the Judgment. *See Lee*, 312 S.W.3d at 193–94. Thus, Principal is not seeking a remittitur, and this court is not suggesting a remittitur.

Binnacle asserts that by releasing part of the Judgment and asserting that some complaints are moot Principal seeks to effectively interfere with the exclusive jurisdiction of this court over the Judgment. But the case cited by Binnacle in support of this proposition addresses whether a trial court's anti-suit injunction during the pendency of an appeal from its judgment interfered with the court of appeals's determination of an issue, undermined the right of the appellant to prosecute its appeal, or modified the trial court's final judgment. *See Bridas Corp. v. Unocal Corp.*, 16 S.W.3d 887, 889–90 (Tex. App.—Houston [14th Dist.] 2000, pet. dism'd w.o.j.). That case is not on point because Principal's release was not an action by the trial court. Binnacle cites no case holding that an appellee may

not take an action that moots some of the appellate issues, and precedent from this court allows an appellee to release part of the trial court's judgment and moot appellant's challenges to that part. *See Lee*, 312 S.W.3d at 193–94.

Principal has unconditionally released the parts of the attorney's fees awards in the Judgment that were based on the work of the Legal Assistants. Therefore we conclude that Binnacle's second issue and its complaints under the first issue regarding the Legal Assistants are now moot. *See Lee*, 312 S.W.3d at 193–94.

## B. Was there any evidence of the reasonableness of Egbert's hourly rate?

Principal sought to prove its reasonable and necessary fees using the lodestar method, under which the fact finder's starting point for calculating an attorney's fee award is determining the reasonable hours worked multiplied by a reasonable hourly rate. *See Rohrmoos Venture v. UTSW DVA Healthcare*, LLP, 578 S.W.3d 469, 498 (Tex. 2019). The fee claimant bears the burden of providing sufficient evidence on both counts. *See id*. Sufficient evidence includes, among other things, evidence of the reasonable hourly rate for each person performing the services. *See id*. Under the first issue Binnacle argues that the evidence regarding attorney's fees for work in the trial court was insufficient because there was no evidence of the reasonableness of attorney Egbert's hourly rate.

Principal submitted billing invoices and a report of work not-yet-billed, describing work performed by Egbert for the proceedings in the trial court, including the amount of hours work. At first the records show that Egbert's hourly rate was $275 per hour, but starting with Egbert's work in December 2021, Egbert's hourly rate increased to $300 per hour. In his declaration Egbert stated:

- Egbert was counsel for Principal at the time of his declaration.
- Egbert is an attorney at law licensed to practice in the State of Texas since 2014.

- Egbert is "familiar with the usual, reasonable and customary fees for representation in civil litigation at the trial and appellate level for South Texas and in Texas in general."

- In Egbert's opinion "a reasonable and customary fee for representation in a case such as this on an hourly basis would be between $200 and $500 per hour based upon the factors approved by the Texas Supreme Court in the case *Arthur Anderson & Co. v. Perry Equipment Co[r]p.*, 945 S.W.2d 812 (Tex[.] 1997)."

- Egbert stated that these factors include:

  "a. The novelty and difficulty of the questions involved and the skill [] requisite to perform the legal services properly;

  b. The likelihood that the acceptance of the particular employment would preclude other employment by the firm;

  c. The fee customarily charged in the locality of similar legal services;

  d. The dollar amount involved and the results obtained; and

  e. A review of the pleadings to date."

- Egbert's firm has worked 51.40 hours and incurred $14,553.85 in attorney's fees and expenses from the date the firm was retained by Principal to pursue this claim through June 24, 2022, as outlined in an attached exhibit, which is a true and correct copy of the billing records for Egbert's firm in this case.

- The work performed includes communicating with Principal, reviewing relevant documents, preparing a demand letter, drafting the Original Petition, filing the petition, arranging for service, drafting a motion for substituted service, and time spent preparing the first summary-judgment motion.

- All work corresponding to these fees was necessary to pursue recovery in this matter.

- A reasonable fee for the necessary work in pursuing this action through the hearing on the first summary-judgment motion would be $14,553.85.

Egbert testified that an hourly rate of between $200 and $500 would be reasonable for representation in today's case based upon the *Arthur Andersen* factors. *See Arthur Anderson & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). Principal submitted evidence that Egbert's hourly rate started at

$275 per hour and then increased to $300 per hour, which is within this range. We conclude that Principal presented evidence of the reasonableness of Egbert's hourly rate. *See Townley v. Lanier*, No. 14-19-00447-CV, 2021 WL 2325082, at *7 (Tex. App.—Houston [14th Dist.] June 8, 2021, pet. denied) (mem. op.). Binnacle asserts that there is no evidence of the reasonableness of Egbert's hourly rate because Egbert testified as to a range of reasonable hourly rates rather than specifically stating that $275 per hour and $300 per hour are both reasonable rates. Egbert does not cite any case holding that a range of reasonable rates constitutes no evidence of a reasonable rate that falls within the range.

In *Townley v. Lanier*, the plaintiff submitted attorney's fees invoices describing the work done, hours worked, and hourly rate of the plaintiff's attorney. *See id*. The attorney's hourly rate was $250 per hour. *See id*. The attorney testified, "'I've been an attorney for 33 years. The fees that I've charged are custom [sic] and regular in the industry for cases such as this. They were reasonable and necessary in the prosecution of this claim.'" *Id*. On cross-examination, the attorney testified that he had seen billing rates "as low as 150 or 175 . . . [or] as high as 300 or 350." *Id*. In *Townley* this court concluded that there was evidence that the lawyer's hourly rate was reasonable and that the evidence was legally sufficient to support the reasonable attorney's fees awarded by the trial court. *See id*. (concluding that the plaintiff's evidence "sufficiently addressed the *Rohrmoos Venture* factors" and that the evidence was legally sufficient to support the reasonable attorney's fees the trial court awarded). Binnacle argues that *Townley* is not on point because the attorney in *Townley* testified that his hourly rate was reasonable but Egbert did not do so. But the attorney in *Townley* stated that the fees he charged were reasonable and necessary; he never said that his hourly rate was reasonable. *See id*. Egbert made a similar statement in his declaration:

"Therefore, a reasonable fee for the necessary work in pursuing this action through the hearing on the [first summary-judgment motion] would be $14,553.85."

We conclude that there was evidence of the reasonableness of Egbert's hourly rate and that the evidence regarding attorney's fees for work in the trial court was not insufficient due to a lack of evidence on this point. *See id*. To the extent the first issue is not based on challenges regarding the work of the Legal Assistants, we overrule the first issue.

### III. CONCLUSION

Principal has unconditionally released the parts of the attorney's fees awards in the Judgment that were based on the work of the Legal Assistants. Therefore, Binnacle's second issue and its complaints under the first issue regarding the Legal Assistants are now moot. Principal submitted evidence of the reasonableness of Egbert's hourly rate, and therefore the evidence regarding attorney's fees for work in the trial court was not insufficient due to a lack of evidence in this regard. Having addressed all of Binnacle's appellate complaints, we affirm the trial court's judgment, recognizing that Principal has released the following amounts: (1) $1,928.50 has been released from the award of $14,553.85; (2) $1,120 has been released from the conditional award of $20,370; (3) $320 has been released from the conditional award of $9,000; (4) $320 has been released from the conditional award of $7,320; and  (5) $160 has been released from the conditional award of $3,820.

/s/     Randy Wilson
Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

9